IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**FRANK PEAKE,**<br>Defendant. | Criminal No. 03:11-cr-00512 (DRD) |

## UNITED STATES' MOTION TO ADMIT SUMMARY CHARTS

The government moves to admit five summary charts – four summarizing voluminous phone records and one summarizing defendant's compensation – under Federal Rule of Evidence 1006. The government previously filed the summary charts as Appendices to its Notice of Intent to Introduce and Admit Summary Charts under Federal Rule of Evidence 1006. Dkt. 133. The summary charts are admissible under Rule 1006 because they accurately summarize voluminous and complex records and will aid the jury in the discharge of its duties. The government intends to call as a witness the paralegal who prepared the summary charts to testify about them at trial this week. Defense counsel has indicated to the government that he intends to object to the summary charts orally at that time. Defendant's objections go merely to the weight, rather than the admissibility, of the summary charts. Moreover, defendant will have the opportunity to cross-examine the witness about the charts, including their accuracy. In light of defendant's anticipated objections and in the interest of minimizing delay during trial, the government seeks a ruling, or conditional ruling, from the Court as to whether the summary charts will be admitted at trial if the summary witness lays the proper foundation during her testimony.

1

**STATEMENT OF FACTS**

On January 6, 2013, the government filed a Notice of Intent to Introduce and Admit Summary Charts under Federal Rule of Evidence 1006. Dkt. 133. Five summary charts were attached as Appendices to the Notice. Dkt. 133. Four of the charts summarize voluminous records of phone calls between defendant Frank Peake and Gabe Serra (Appendix A), defendant Frank Peake and Peter Baci (Appendix B), Peter Baci and Greg Glova (Appendix C), and Gabe Serra and Greg Glova (Appendix D). Dkt. 133 at Appendices A-D. The fifth chart summarizes complex financial data regarding defendant's salary and bonus compensation. Dkt. 133 at Appendix E. All of the records underlying the summary charts have already been provided to defendant during discovery.

The government will seek to admit these charts through the testimony of the witness who prepared them. Defense counsel has indicated to the government that he intends to raise objections regarding the summary charts during trial.

**ARGUMENT**

In its Notice, the government set forth the requirements of Rule 1006 and articulated how the five summary charts satisfy those requirements. Dkt. 133. The government incorporates those points by reference and will not reiterate them here. Rather, in this motion, the government will address the objections defendant is expected to raise orally before the Court.

With respect to the four phone charts, the government understands that defendant objects on several briefly specified grounds. Notably, defendant does not contend that the four phone charts do not accurately summarize the underlying records. Instead, his objections go to the weight of the evidence rather than to accuracy. Defendant first contends that the charts should be excluded because there is no evidence that the phone calls made by defendant are "conspiracy

calls." This objection is unfounded since none of the phone charts state that they reflect "conspiracy calls." Rather, each phone chart indicates only that the summarized phone calls are from one phone number to another phone number, and the title of each chart indicates to whom each phone number is registered. Although the charts themselves do not reference the conspiracy and accurately summarize phone records under Rule 1006, the charts are relevant to the existence of a conspiracy. Specifically, the existence, length, and frequency of phone calls between defendant and his co-conspirators or between two of defendant's co-conspirators are relevant and probative as to whether a conspiracy existed and whether defendant was a member of that conspiracy. As such, the phone charts are admissible under Federal Rules of Evidence 401 and 403.

The government understands that defendant's second objection to the phone charts is based on his unsubstantiated assertion that the calls reported by the phone companies in their official records with a duration of one minute are incorrect because some of those calls may have been less than one minute. Defendant offers no support for his assertion that the underlying phone records inaccurately reflect the length of hundreds of calls between the co-conspirators. The government has not changed the length of any of the phone calls in its summary charts; the phone charts accurately reflect the length of each phone call as indicated on the corresponding underlying business record. On January 13, 2013, defendant stipulated that those underlying business records are authentic and non-hearsay. *See* Amended Joint Notice of Stipulation and Proposed Order as to Government and Defense Trial Exhibits (Dkt. 150). Moreover, even if phone calls under a minute in duration were rounded up to one minute by the phone companies in the underlying business records, defendant is unable to identify which specific calls, if any, were under one-minute in length. In any event, the fact that the underlying business records

reflect minute-long phone calls has no bearing on the accuracy of the government's summary charts.

The government understands that defendant's third objection is that phone calls that pre-date and post-date the conspiracy should be excluded. The government agrees that calls that post-date the conspiracy should not be included in the summary charts. A few such calls were inadvertently included in the phone chart between Peake and Baci (Dkt. 133 at Appendix B), and an amended chart is attached as Appendix B. The charts do not reflect any phone calls that pre-date the conspiracy; the charts do reflect phone calls that pre-date the time period charged in the Indictment. Calls that occurred prior to the charge period are relevant to show the existing and enduring relationships between defendant and his co-conspirators or between his co-conspirators and to provide the jury with a fuller context of the alleged conspiracy.

Finally, defendant objects that the summaries at the bottom of each phone chart are misleading and prejudicial, though he does not specify how or why. The summary at the end of each chart accurately reflects the total number of calls and total duration.

All of defendant's objections go to the weight – rather than admissibility – of the summary charts. *See, e.g.*, *United States v. Nivica*, 887 F.2d 1110, 1125 (1st Cir. 1989) (finding defendant's arguments that the charts of financial activity were misleading go to the weight rather than admissibility of the government's summaries); *United States v. Masiarczyk*, 1 F. App'x 199, 208-09 (4th Cir. 2001) (affirming admission of summaries of insurance payments because arguments of inaccuracies go to weight rather than admissibility). It is widely held that "objections that an exhibit may contain inaccuracies, ambiguities, or omissions go to the weight and not the admissibility of the evidence." *United States v. Keplinger*, 776 F.2d 678, 694 (7th Cir. 1985); *see United States v. Smallwood*, 443 F.2d 535, 540 (8th Cir. 1971) ("The claimed

error in the accuracy of the summaries was fully presented to the jury, and in our view the relatively few inaccuracies went to the weight of the evidence and not its admissibility."). The same holds true of summary charts admitted under Rule 1006. *Iowa Pac. Holdings, LLC v. Nat'l R.R. Passenger Corp.*, 853 F. Supp. 2d 1094, 1102 (D. Colo. 2012) ("[T]o the extent that the exhibit may include inaccurate information – which defendant has not proven – the inaccuracy of a summary under Rule 1006 . . . goes to the weight, rather than the admissibility, of the evidence."); *BD v. DeBuono*, 193 F.R.D. 117, 130 (S.D.N.Y. 2000) (same). Here, defendant does not even contend that the charts are inaccurate. His objections go solely to the weight and claimed prejudicial impact of the underlying evidence, not to the accuracy of the charts. Moreover, defendant will have the opportunity to cross-examine the summary witness who prepared the charts. The charts should, therefore, be admitted under Rule 1006.

With respect to the summary chart of defendant's compensation, defendant indicates that he objects on a number of unspecified grounds. The government anticipates that such grounds may include Rules 401 and 403.[1] Defendant's compensation is tied to the profitability of Sea Star, which only became profitable after the conspiracy began; defendant's compensation goes directly to the motive of defendant to join the conspiracy. Motive is relevant in a criminal case. *United States v. Sriyuth*, 98 F.3d 739, 747 n.12 (3d Cir. 1996) (noting "motive is always relevant in a criminal case, even if it is not an element of the crime"). Here, where the crime is actually motivated by personal gain, evidence of defendant's financial incentives is proof of motive. *See, e.g.*, *United States v. Hill*, 643 F.3d 807, 843 (11th Cir. 2011) (finding motive relevant in a

---

[1] Prior to opening statements, defendant objected to the government's plan to reference Peake's compensation in its opening statement. Defendant's compensation goes to his motive to join the conspiracy. The Court overruled defendant's objection and permitted the government to reference defendant's compensation in its opening statement. The chart at issue here and its underlying records substantiate statements made by the government in its opening statement. Moreover, defendant has stipulated that the documents underlying the compensation chart are authentic and non-hearsay. *See* Dkt. 150.

5

criminal case "and with financial crimes, the more the money, the more motive."); *United States v. Rand*, 2011 WL 4914962, at *1-3 (W.D.N.C. 2011) (holding that evidence of defendant's raises, promotions, and increased bonus was relevant to show motive in a fraud conspiracy). Moreover, Rule 403 is a rule of inclusion, not exclusion. *See United States v. Norton*, 867 F.2d 1354, 1361-62 (11th Cir. 1989). It is "an extraordinary remedy which should be used only sparingly" as it permits the exclusion of concededly probative evidence. *United States v. Betancourt*, 734 F.2d 750, 757 (11th Cir. 1984); *see also United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (same). The compensation chart should, therefore, be permitted under Rules 401 and 403.

The government has previously given notice of its intent to introduce the compensation chart, which summarizes complex financial records, under Rule 1006. *See* Dkt. 133. However, the chart is also admissible under Rule 611(a). The First Circuit has noted that the two evidentiary rules overlap. *See United States v. DeSimone*, 488 F.3d 561, 576 (1st Cir. 2007) ("The rules [Fed. R. Evid. 1006 and 611(a)] are not mutually exclusive and often may be read together in a common sense manner."); *United States v. Milkiewicz*, 470 F.3d 390, 397 (1st Cir. 2006) (explaining the lines between the two rules are blurred). The Court may, therefore, consider both rules as a basis for the compensation chart.

Pedagogical charts may be permitted under Federal Rule of Evidence 611(a). Fed. R. Evid. 611(a); *Milkiewicz*, 470 F.3d at 397. Charts permitted under Rule 611(a) may be used to "clarify and simplify complex testimony or other information and evidence or to assist counsel in the presentation of argument to the court or jury." *Milkiewicz*, 470 F.3d at 397. Such charts, which must be linked to evidence previously admitted, usually are not themselves admitted into evidence. *Id.* at 397. A Rule 611(a) chart may be "less neutral in its presentation." *Id.* at 398.

Because the compensation chart may be used as a pedagogical device under Rule 611(a), the government respectfully requests that the Court consider Rule 611(a) as an alternative basis.

Moreover, the government has already proposed jury instructions to address charts under Rule 1006 and Rule 611(a).  *See* Dkt. 135.  In its proposed Final Instruction No. 10, the government requests that the Court instruct the jury regarding exhibits that have been admitted into evidence under Rule 1006.  In its proposed Final Instruction No. 11, the government requests that the Court instruct the jury regarding any charts or other exhibits that were used but not admitted into evidence, such as charts under Rule 611(a).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court admit the five summary charts under Federal Rule of Evidence 1006.  With respect to the compensation chart, the Court could alternatively permit the government to use the compensation chart under Rule 611(a).

DATED this 14th day of January, 2013.

                                          Respectfully submitted,

                                           /s/  Brent Snyder
                                          Brent Snyder, PR Attorney #G01209
                                          Heather Tewksbury, PR Attorney #G01507
                                          Trial Attorneys
                                          U.S. Department of Justice, Antitrust Division
                                          450 Golden Gate Avenue, Room 10-0101
                                          San Francisco, California 94102
                                          Tel:  415-436-6675
                                          Fax:  415-436-6687
                                          Email: brent.snyder@usdoj.gov

                                          Craig Y. Lee, PR Attorney #G01208
                                          Michael L. Whitlock, PR Attorney #G00801
                                          Trial Attorneys
                                          U.S. Department of Justice, Antitrust Division
                                          450 Fifth Street, N.W., Suite 11300
                                          Washington, D.C. 20530
                                          Tel.: (202) 307-1044
                                          Fax: (202) 514-6525
                                          Email: craig.lee@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2013, a true and correct copy of the foregoing United States' Motion to Admit Summary Charts was filed electronically and to the best of my knowledge, information and belief, counsel for defendant will be notified through the Electronic Case Filing System.

Executed this 14th day of January, 2013.

/s/ Brent Snyder
Brent Snyder, PR Attorney #G01209