IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**FRANK PEAKE,**<br>Defendant. | Criminal No. 03:11-cr-00512 (DRD) |

### UNITED STATES' MOTION FOR JUDICIAL NOTICE
### OF THE EXISTENCE OF CORPORATE PLEA AGREEMENT

In 2011, defendant Frank Peake's former employer, Sea Star Line, LLC ("Sea Star"), pled guilty to participating in a conspiracy to suppress and eliminate competition by fixing rates and surcharges for Puerto Rico freight services. This is the same conspiracy in which Peake is charged with participating. During defendant's opening argument, defendant indicated that he plans to put on evidence that Sea Star spent $15 million renovating the terminal in San Juan, Puerto Rico, and that spending money on a new terminal is inconsistent with the existence of a conspiracy: "You don't spend $15 million on a terminal if there is an agreement with a competitor." Tr. 16:6-14. If allowed to sponsor testimony in support of this theory, the jury will be misled into believing that Sea Star did not participate in the price-fixing conspiracy. The jury is entitled to know that Sea Star – the company that invested in and made the improvements to the port in Puerto Rico – actually pled guilty to participating in a conspiracy that was occurring at the same time that it was making those capital improvements. The capital improvements are not probative of the non-existence of a price-fixing conspiracy, which is underscored by the fact that Sea Star admits to participating in that conspiracy. Accordingly, if defendant elicits further testimony on this issue, the government will request that the Court take judicial notice of the existence of Sea Star's corporate plea agreement and the time period to which the company pled

1

guilty. If defendant argues again during closing argument – as he did during his opening – about the capital improvements, the government will seek judicial notice of the plea agreement at that time.

## ARGUMENT

1. **Defendant Has Opened the Door to the Admission of the Fact of the Corporate Plea**

After defendant's opening statement in which he aired his theory that the capital improvements made by Sea Star during the conspiracy period are inconsistent with a price-fixing agreement, the government advised the Court that it believed defendant had opened the door to the admission of the corporate plea agreement. Tr. 81:18-82:11. The government later indicated to defendant that if he further opens the door to this theory, the government would seek the admission of the fact of Sea Star's plea agreement. Through defendant's questioning of government witnesses, the government now believes that door has been opened. Specifically, during the cross-examination of former Sea Star employee, Peter Baci, defendant introduced Exhibit 146, which referenced some of the capital improvements that Sea Star made to the port in Puerto Rico.[1] Eliciting this testimony can only be for the purpose of putting defendant in the position of arguing during closing – as he did during opening – that the capital improvements disprove the existence of a price-fixing agreement. Accordingly, the government seeks to admit the fact of the guilty plea during its cross-examination of defense witnesses who sponsor this

---

[1] Not only is this testimony about capital improvements misleading, but it also is elicited for jury nullification purposes. Other than attempting to undermine the existence of a price-fixing conspiracy, the other purpose of this testimony is to elicit the sympathy of the jury for Peake as a "benefactor" to Puerto Rico for his role in making those improvements. There is no legitimate basis for this testimony, and the government should be permitted to rebut it with the corporate plea agreement. The corporate plea agreement directly rebuts this defense theory because the company concedes that a conspiracy occurred at the same time that it was making those improvements. It also addresses possible jury nullification because, to the extent the jury could have perceived the company as a benefactor of Puerto Rico, the company concedes that it engaged in a conspiracy that adversely affected Puerto Rico.

theory of defense.  If defendant does not put on any defense witnesses to support this theory, the government requests that defendant be precluded from referencing the capital improvements again during closing argument.

The First Circuit, like other circuits, recognizes the government's ability to impeach a witness by contradiction with otherwise inadmissible evidence if the witness opens the door on direct examination.  *See, e.g.*, *United States v. Morla-Trinidad*, 100 F.3d 1, 4-5 (1st Cir. 1996) (explaining that where the defense opens the door to impeachment through testimony on direct, the government may use otherwise inadmissible evidence to impeach by contradiction); *United States v. Camuti*, 78 F.3d 738, 744 (1st Cir. 1996) (explaining extrinsic evidence is admissible to impeach by contradiction on a material issue).  Impeachment by contradiction is allowed under common law principles and subject to Rules 402 and 403.  *See United States v. Perez-Perez*, 72 F.3d 224, 227 (1st Cir. 1995) ("Impeachment by contradiction is a recognized mode of impeachment not governed by Rule 608(b), but by common law principles."); *see also* Fed. R. Evid. 608(b), Advisory Committee Note on Rules – 2003 Amendment ("By limiting the application of the Rule [608(b)] to proof of a witness's character for truthfulness, the amendment leaves the admissibility of extrinsic evidence offered for other grounds of impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity) to Rules 402 and 403."); *United States v. Castillo*, 181 F.3d 1129, 1133-34 (9th Cir. 1999) (allowing impeachment by contradiction under Rule 607, which states that "[a]ny party, including the party that called the witness, may attack the witness's credibility"); *United States v. Garcia-Guizar*, 160 F.3d 511, 522 (9th Cir. 1998) ("We have emphasized that '[w]here the defendant opens the door to an argument, it is fair advocacy for the prosecution to enter.'") (quoting *United States v. Williams*, 990 F.2d 507, 510 (9th Cir. 1993)).

While the typical fact pattern involves a misleading statement on direct by the defendant himself, the principle applies regardless of whether the statement comes from the defendant, another defense witness, or counsel.  *See, e.g.*, *United States v. Norton*, 26 F.3d 240, 243-45 (1st Cir. 1994) (finding that defendant's testimony that he never had a gun opened the door to the government's question about his prior conviction for unlawfully carrying a firearm); *United States v. Castro*, 403 F. App'x 653, 655 (3d Cir. 2010) (finding that defendant's testimony suggesting that a drug conviction was his only conviction opened the door to evidence of an assault conviction); *United States v. David*, 337 F. App'x. 639, 640 (9th Cir. 2009) (finding that defendant's testimony that he "would have never told anyone to falsify a document" opened the door to evidence of his prior conviction for theft involving the falsification of receipts); *United States v. Bender*, 265 F.3d 464, 471 (6th Cir. 2001) (finding that defendant's testimony that she did not sell drugs and only began using drugs in 1992 opened the door to evidence of her 1987 conviction for conspiracy to distribute cocaine); *United States v. Poole*, 207 F.3d 893, 898-99 (7th Cir. 2000) (finding that defendant's testimony that he "knew nothing about guns" opened the door to evidence from the government that guns were present at defendant's prior arrest for a drug-related offense).  Moreover, if defendant puts on a defense case as he has indicated he will, it is highly likely that his counsel will continue attempting to elicit testimony from witnesses for the purpose of suggesting that no conspiracy existed or to establish facts – such as those argued during opening regarding Sea Star's investments in Puerto Rican facilities – that he will argue are inconsistent with *Sea Star's* participation in the conspiracy.  The defense should not be permitted to continue to mislead the jury in this fashion, and the jury should be informed of Sea Star's guilty plea.

Indeed, the Court recognized the relevance of the corporate plea agreement and agreed that it is admissible with a limiting instruction.  Tr. 80:16-19 ("I will give an instruction.  Prepare me an instruction at the end of the case that the fact that his company pled does not mean that he is guilty.  It is simple.").

2. **The Court May Take Judicial Notice of the Corporate Plea Agreement**

Under Federal Rule of Evidence 201, the Court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  The Court must take judicial notice if a party requests it and the Court is supplied with the necessary information.  Fed. R. Evid. 201(c)(2).  The Court may take judicial notice at any stage of the proceeding. Fed. R. Evid. 202(d).  In a criminal case, the Court must instruct the jury that it may or may not accept the noticed fact as conclusive.  Fed. R. Evid. 202(f).

Here, it is appropriate for the Court to take judicial notice of the existence of Sea Star's corporate plea agreement.  It is well settled that records from proceedings in other courts may be judicially noticed.  *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."); *see, e.g.*, *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (same); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (same); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081-82 (7th Cir. 1997) (collecting cases); *see also Locicero v. Leslie*, 948 F. Supp. 10, 12 (D. Mass. 1996) (taking judicial notice of settlement hearing transcript).  It is undisputed that courts may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other proceeding, but rather to establish the fact of such a proceeding and related filings.  *See Liberty*

5

*Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992); *see also Ferguson*, 681 F.3d at 834 (explaining that judicial records are a source of "reasonably indisputable accuracy" when they record some judicial action such as granting a motion or finding a fact and noting that courts may take notice of records from another proceeding to show the acts of parties or other actors in that proceeding). The Court may even take judicial notice of facts recited in a plea agreement. *See Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995); *see also United States v. Perez-Corona*, 295 F.3d 996, 1001 n.4 (9th Cir. 2002) (noting court could take judicial notice of underlying facts in court documents, including a signed plea agreement or the judgment of conviction). Because the plea agreement entered into by Sea Star is a document filed before another court, this Court may take judicial notice of its existence.

Taking judicial notice of the existence of the plea agreement does not raise hearsay concerns because entering into the plea agreement is an act of legal significance, which falls outside the definition of hearsay. *See* Fed. R. Evid. 801(c) & Notes of Advisory Committee on Proposed Rules ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."); *Kepner-Tregoe, Inc. v. Leadership Software*, 12 F.3d 527, 540 (5th Cir. 1994) ("A contract is a verbal act. It has legal reality independent of the truth of any statement contained in it."); *see also Ricketts v. Adamson*, 483 U.S. 1, 16 (1987) (noting "plea agreements are constitutional contracts"); *United States v. Rivera-Rodriguez*, 489 F.3d 48, 59 (1st Cir. 2007) ("A plea agreement is akin to a contract, binding upon the prosecution and the defense alike.") (internal quotations omitted).

For the foregoing reasons, the government respectfully requests that the Court take judicial notice of the existence of the corporate plea agreement entered into by Sea Star and the time period for which Sea Star pled guilty.

DATED this 22nd day of January, 2013.

                                      Respectfully submitted,

                                       /s/  Brent Snyder
                                      Brent Snyder, PR Attorney #G01209
                                      Heather Tewksbury, PR Attorney #G01507
                                      Trial Attorneys
                                      U.S. Department of Justice, Antitrust Division
                                      450 Golden Gate Avenue, Room 10-0101
                                      San Francisco, California 94102
                                      Tel:  415-436-6675
                                      Fax:  415-436-6687
                                      Email: brent.snyder@usdoj.gov

                                      Craig Y. Lee, PR Attorney #G01208
                                      Michael L. Whitlock, PR Attorney #G00801
                                      Trial Attorneys
                                      U.S. Department of Justice, Antitrust Division
                                      450 Fifth Street, N.W., Suite 11300
                                      Washington, D.C. 20530
                                      Tel.: (202) 307-1044
                                      Fax: (202) 514-6525
                                      Email: craig.lee@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 22, 2013, a true and correct copy of the foregoing United States' Motion for Judicial Notice of the Existence of Corporate Plea Agreement was filed electronically and to the best of my knowledge, information and belief, counsel for defendant will be notified through the Electronic Case Filing System.

Executed this 22nd day of January, 2013.

                                          /s/ Brent Snyder_____
                                          Brent Snyder, PR Attorney #G01209